IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**AMANDA MAURISSA WAINE ANDERSON,**

              Plaintiff,

   v.

**DAVID BREECE ANDERSON**,

              Defendant.

Case No.: 3:13-cv-1762-SI

**OPINION AND ORDER**

**Michael H. Simon, District Judge.**

      Plaintiff filed a *pro se* Complaint *in forma pauperis* on October 3, 2013. Dkt. 1. Plaintiff also moves for appointment of a *pro bono* attorney. Dkt. 11. Plaintiff states that her case is brought under federal question jurisdiction. The allegations in the Complaint, however, fail to raise an issue governed by a federal statute or treaty or the United States Constitution. Accordingly, for the reasons discussed below, the Court dismisses this case for lack of subject-matter jurisdiction, with leave to replead properly to allege jurisdiction, if appropriate, and denies Plaintiff's motion for appointment of *pro bono* counsel.

PAGE 1 – OPINION AND ORDER

**STANDARDS**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Unlike state courts, which are courts of general jurisdiction, federal courts may only exercise jurisdiction in certain kinds of cases as authorized by the United States Constitution and Congress. *See id; United States v. Jacobo Castillo*, 496 F.3d 947, 951 (9th Cir. 2007) (*en banc*). "It is to be presumed that a [complaint] lies outside this limited jurisdiction, . . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction," which in this case is Plaintiff. *Kokkonen*, 511 U.S. at 377 (internal citation omitted). The court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The court may therefore raise the question of subject-matter jurisdiction on its own initiative at any stage in the litigation. *Arbaugh*, 546 U.S. at 506. "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added).

A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under Federal Rule of Civil Procedure 8(a)(2), however, every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). In addition, under Federal Rule of Civil Procedure 8(a)(1),

PAGE 2 – OPINION AND ORDER

every complaint must contain "a short and plain statement of the grounds for the court's jurisdiction . . . ."

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. It is improper to dismiss an action based on a defective allegation of jurisdiction without leave to amend "unless it is clear, upon *de novo* review, that the complaint could not be saved by amendment." *Snell v. Cleveland, Inc.,* 316 F.3d 822, 828 n.6 (9th Cir. 2002) (citing *Lee* v. *City of Los Angeles,* 250 F.3d 668, 692 (9th Cir. 2001)).

## BACKGROUND

Plaintiff brings suit against her husband. In her *pro se* Complaint, Plaintiff alleges that Defendant: (1) did not drop off Plaintiff's election ballot as he told her he would; (2) harassed and intimidated Plaintiff when she inquired about the status of her election ballot; (3) routed Plaintiff's disability payments into a separate bank account; and (4) attempted to kill Plaintiff and Plaintiff's daughter through vehicular manslaughter. The remedies requested by Plaintiff are the deed to the parties' house, all of the contents of the parties' house, sole custody of the parties' daughter, and a criminal prosecution against Defendant.

## DISCUSSION

### A. Sufficiency of the Complaint

The two primary categories of civil cases over which the federal courts have jurisdiction are those based on federal law (federal question jurisdiction) and those involving citizens of different states where more than $75,000 is at issue (diversity jurisdiction). In Section II.A of her Complaint, Plaintiff checked the box for "Federal Question" as the basis for federal court jurisdiction. Plaintiff, however, failed to identify the specific federal Constitutional, statutory, or treaty right at issue in Section II.B of her Complaint. Further, based on the allegations of the

Complaint, it does not appear that diversity jurisdiction is available to Plaintiff because she and Defendant appear both to be citizens of Oregon.

Although *pro se* complaints are construed liberally, Plaintiff's Complaint fails to allege claims or facts that support federal question jurisdiction. As alleged, her claims and requested remedies are governed by state law.[1] Although the Court is skeptical that, under the facts alleged by Plaintiff, she can state a claim for a violation by Defendant of a federal statute or treaty or the United States Constitution, given the liberal standards for repleading defective jurisdiction the Court dismisses this case without prejudice. Plaintiff may, if there are additional facts and claims that support federal question jurisdiction, file an amended complaint. If Plaintiff files an amended complaint, however, she must specifically identify the federal statute, treaty, or Constitutional provision that Plaintiff alleges was violated by Defendant.

### B.  Request for Appointment of *Pro Bono* Counsel

Plaintiff moves for an appointment of *pro bono* counsel to assist Plaintiff in pursuing her claims. Dkt. 11. Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). The Court has discretion, however, under 28 U.S.C. § 1915(e) to appoint volunteer counsel for indigent civil litigants in exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Although this court may appoint volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301-08 (1989).

In determining whether exceptional circumstances exist, a court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his or her claim *pro*

---

[1] The Court also notes that seeking the criminal prosecution of a person is not a viable remedy in a civil lawsuit.

PAGE 4 – OPINION AND ORDER

*se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970; *Agyeman*, 390 F.3d at 1103. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986). In light of the deficiency in Plaintiff's Complaint, this Court's dismissal for lack of subject-matter jurisdiction, and the Court's concern that it appears unlikely that Plaintiff will be able to state federal claim under the facts of this case, Plaintiff appears to have a low likelihood of success on the merits. Accordingly, at this stage of the proceeding, the Court does not find the requisite exceptional circumstances that support the appointment of counsel under § 1915(e).

## CONCLUSION

The Complaint (Dkt. 1) is DISMISSED. Plaintiff has 14 days to replead and allege a cause of action under a federal statute, treaty, or the United States Constitution. Plaintiff's motion for appointment of *pro bono* counsel (Dkt. 11) is DENIED.

**IT IS SO ORDERED**.

DATED this 28th day of October 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge